# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-01346-RGK-AYP | Date | March 3, 2026 |
|---|---|---|---|
| Title | *Amber Thomas v. Regus Management Group, LLC et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       **(IN CHAMBERS) Order Re: Notice of Removal [1]**

On July 16, 2025, Amber Thomas ("Plaintiff") filed a complaint against Regus Management Group, LLC and International Workplace Group, PLC (collectively, "Defendants") and John Maniquiz in California state court, alleging various employment-related violations of California law. (ECF No. 3-1.) After Maniquiz's demurrer was sustained on January 8, 2026, Defendants removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Upon review of Defendants' Notice of Removal, the Court ordered Defendants to show cause in writing that the amount in controversy is satisfied. (ECF No. 12.) On March 2, 2026, Defendants submitted their Response. (ECF No. 12.) For the following reasons, the Court **REMANDS** the action to state court for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the amount in controversy exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-01346-RGK-AYP | Date | March 3, 2026 |
|---|---|---|---|
| Title | *Amber Thomas v. Regus Management Group, LLC et al* | | |

Here, Plaintiff seeks general damages, special damages (including lost earnings and benefits), attorneys' fees and costs, and punitive damages. Since Plaintiff's employment was terminated on April 19, 2025, Plaintiff's alleged lost earnings amount to approximately $35,276.80.[1] In their Response to the Order to Show Cause, Defendants inflate this figure by assuming that "[b]y invoking the state court's jurisdictional minimum to plead the amount of her general and special damages [which requires the controversy amount to exceed $35,000], Plaintiff, has effectively pled at least $70,000 in damages, not including attorney's fees or punitive damages." (Response at 3–4.) Defendants then point to Plaintiff's claims for punitive damages and attorneys' fees to argue that the amount in controversy exceeds the required threshold for diversity jurisdiction.

Defendants' estimate of the amount in controversy is speculative and based on unsupported assumptions, including that pleading the state court jurisdictional minimum controversy requirement indicates that the notably higher diversity jurisdiction minimum is met. Defendants also do not provide any support for their estimates for punitive damages and attorneys' fees, merely assuming that awards in other cases are comparable.

Accordingly, the Court finds that Defendants have not satisfied their burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. The Court **REMANDS** the action to state court for all further proceedings in turn.

**IT IS SO ORDERED.**

**cc: LASC, 25STCV20974**

_____ : _____

Initials of Preparer                    JRE/gz

---

[1] According to Defendants, Plaintiff earned approximately $832 per week ($20.80 per hour, forty hours per week). As of the date of the Notice of Removal, approximately forty-two weeks and two days have passed since Plaintiff's employment was terminated on April 19, 2025. Thus, the lost wages are approximately $35,276.80 (forty-two weeks at $832 per week [$34,944] + two eight-hour days at $166.40 per day [$332.80]).